IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL TAPP, RENEE SITAVICH, SARAH HUDSON, BRANDON COLSON, and BRÜNO LOZANO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>Defendants. | No. 15 CV 11117<br><br>Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth in the Statement below, the defendants' motion to dismiss [191] is denied.

## STATEMENT

This is a putative class action challenging the pay structure of SkyWest, Inc. and its wholly owned subsidiary, SkyWest Airlines, Inc. (collectively, SkyWest). The plaintiffs are current or former SkyWest flight attendants whose flight duties predominately terminated at airports within Arizona, California, and Washington. The heart of the suit focuses on how SkyWest calculates its flight attendants' compensable duty time. In basic terms, the plaintiffs allege that SkyWest only pays flight attendants for time spent performing duties onboard an aircraft. It allegedly does not pay flight attendants for time spent performing collateral duties before, between, or after flights. This, the plaintiffs claim, results in systematic underpayment in violation of various minimum wage and overtime laws.

Before the Court is SkyWest's second motion to dismiss. SkyWest's first motion to dismiss resulted in dismissal of all claims. *Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 701 (N.D. Ill. 2017), *aff'd in part, rev'd in part and remanded*, 910 F.3d 961 (7th Cir. 2018). On appeal, the Seventh Circuit affirmed the dismissal of the plaintiffs' Fair Labor Standards Act claim but reinstated the plaintiffs' state-law claims. *Hirst*, 910 F.3d at 963. After remand and supplemental briefing, the plaintiffs' claims based on California and Washington law ultimately withstood reconsideration of SkyWest's original motion to dismiss—the claim based on Arizona law, however, did not. *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2022 WL 3999701, at *11 (N.D. Ill. Aug. 31, 2022). SkyWest then moved for a second time to dismiss. This second motion only seeks dismissal of the plaintiffs' claim for overtime pay under California law.

The question SkyWest's second motion to dismiss presents is narrow. Both parties agree that Order No. 9-2001 from California's Industrial Welfare Commission—which regulates wages, hours, and working conditions in California's transportation industry—exempts from California's overtime laws "those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 45 U.S.C. Sections 151 *et seq*." Cal. Code Regs. tit. 8, § 11090(1)(E); *Angeles v. US Airways, Inc.*, 790 F. App'x 878, 879–80 (9th Cir. 2020). The question is whether the plaintiffs have entered into a collective bargaining agreement under and in accordance with the Railway Labor Act. SkyWest contends that they have, characterizing its Flight Attendant Policy Manual—which sets policies and procedures for its flight attendants, including their compensation scheme—as a collective bargaining agreement entered into by the plaintiffs under the Railway Labor Act. If it is, the plaintiffs are exempt from California's overtime laws and their claim for California overtime pay necessarily fails.

As a preliminary matter, the parties debate whether SkyWest has waived its overtime exemption argument by failing to raise it in its first motion to dismiss. SkyWest argues that the plaintiffs did not explicitly plead a claim for overtime pay under California law, and consequently, it had no prior cause to raise the exemption argument until after this Court identified the claim. *See Hirst*, 2022 WL 3999701, at *6 & n.7 (summarizing operative complaint's California state-law claims before denying dismissal). But SkyWest acknowledged a California overtime claim throughout its first motion to dismiss, *see, e.g.*, Mot. to Dismiss 2, 17–19, 21, ECF No. 83; and although the operative complaint did not dedicate a separate count to its California overtime claim, the factual allegations supporting it were readily apparent. Hence, SkyWest's assertion of ignorance cannot be sustained. Nor can, however, the plaintiffs' assertion that SkyWest is now raising its overtime exemption argument for the first time. SkyWest included the argument—albeit with curt treatment—in its supplemental briefing in support of its first motion to dismiss. Suppl. Mem. 13, ECF No. 123. The argument was therefore not waived, nor was it previously addressed by this Court. Successive motions to dismiss absent intervening changes to the operative complaint are understandably atypical; but because SkyWest's second motion to dismiss merely reasserts an argument left unresolved by its first, the second motion is appropriate. *See generally Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983) (As Federal Rule of Civil Procedure 54(b) provides, "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown."); *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016) ("[D]istrict courts need no special authority to revisit their rulings.").

A second preliminary matter concerns what exhibits may be properly considered at this stage to resolve SkyWest's exemption argument. In ruling on a motion to dismiss, a "complaint's well-pleaded factual allegations, though not its legal conclusions, are assumed to be true." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013). Along with the complaint, however, courts must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Id.* at 1019–20 (internal quotations removed); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence." *Phillips*, 714 F.3d at 1020; s*ee also In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by

attaching documents to the complaint that indicate that he or she is not entitled to judgment."). Here, the plaintiffs attached a 2013 version of SkyWest's Flight Attendant Policy Manual to the operative complaint. It must therefore be considered. The complaint's assertion that "the Policy Manual is not a valid CBA," Am. Compl. ¶ 8, ECF No. 73, however, is a legal conclusion that is afforded no deference.

SkyWest also attaches various exhibits to its motion to dismiss for this Court's consideration. The most pivotal of those is a declaration from Kristina Siemens, the President of the SkyWest InFlight Association (SIA).[1] The SIA is an organization "which negotiates certain aspects of [flight attendants'] work responsibilities and benefits with management," although it is not a flight attendant labor union. *Id.* ¶ 6. Ms. Siemens' declaration addresses SIA's capacity as a collective bargaining representative, as well as the negotiation process surrounding SkyWest's Policy Manual. Siemens Decl. ¶¶ 3–5, ECF No. 191-3. But this declaration is not a part of the pleadings, and hence it can only be considered if SkyWest's motion to dismiss is treated as one for summary judgment. Fed. R. Civ. P. 12(d); *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). That procedural option is not prudent. Even if this Court were to convert SkyWest's motion to dismiss into one for summary judgment, it would not, as SkyWest predicts, foreclose further discovery. The plaintiffs would still nevertheless be afforded "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Local rules also govern motions for summary judgments in this district, *see* N.D. Ill. Local Rule 56.1–2, and converting SkyWest's motion would unduly complicate adherence with those rules. The bottom line is that SkyWest's motion to dismiss shall be resolved without consideration of its attached exhibits.

On to the merits. The Railway Labor Act governs "agreements covering rates of pay, rules, or working conditions," 45 U.S.C. § 151a, made between "common carrier[s] by air engaged in interstate or foreign commerce, and every . . . person who performs any work as an employee or subordinate official of such carrier," *id.* § 181. These agreements are formed "in conference between representatives designated . . . by the carrier or carriers and by the employees thereof . . . ." *Id.* § 152 Second. Designated representatives are chosen "by the respective parties without interference, influence, or coercion by either party," *id.* § 152 Third;

---

[1] Also attached are two alternative versions of SkyWest's Flight Attendant Policy Manual. One is a complete version from 2013 (the 2013 version attached to the operative complaint supposedly omits one page) and the other is the 2022 version. SkyWest requests this Court take judicial notice of these versions, citing *Hernandez v. Sysco Corp.* among other district court cases for the proposition that "[a] court may take judicial notice of a CBA in evaluating a motion to dismiss." No. 16-CV-06723-JSC, 2017 WL 1540652, at *2 (N.D. Cal. Apr. 28, 2017). But that begs the question. Courts may only take judicial notice of "a fact that is not subject to reasonable dispute," Fed. R. Evid. 201(b), and here, whether SkyWest's versions of the Policy Manual constitute collective bargaining agreements is the entire dispute. Judicial notice is therefore improper. In any event, SkyWest appears to concede that its versions of the Policy Manual do not alter this Court's analysis or appreciably differ from the version attached to the operative complaint. *See* Defs.' Req. for Judicial Notice 3, ECF No. 191-6 ("[The version of the Policy Manual] that is attached directly to [the plaintiffs'] Complaint . . . alone is enough to warrant dismissal of their California overtime claim.").

3

and if a majority of any craft or class of employees chooses, they have "the right to determine who shall be the representative of the craft or class," *id.* § 152 Fourth. Any designated representative "chosen to be the representative of the craft or class of employees is . . . chosen to represent all of its members, regardless of their union affiliations or want of them." *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 200 (1944). "The minority members of a craft are thus deprived by the statute of the right, which they would otherwise possess, to choose a representative of their own, and its members cannot bargain individually on behalf of themselves as to matters which are properly the subject of collective bargaining." *Id.*; *see also Russell v. Nat'l Mediation Bd.*, 714 F.2d 1332, 1343 (5th Cir. 1983) ("The [Railway Labor] Act supports but does not require collective bargaining, and . . . the implicit message throughout the Act is that the 'complete independence' of the employees necessarily includes the right to reject collective representation.").

Here, the Flight Attendant Policy Manual in question plainly covers rates of pay, rules, and working conditions of SkyWest's flight attendants. The Policy Manual also states that it is an "[a]greement between SkyWest Airlines, Inc. and the SkyWest InFlight Association." Ex. 2 to Am. Compl. at 2303.1, ECF No. 73-2. However, the Policy Manual does not indicate—nor does the operative complaint allege—that, at the time of this agreement, SIA was the designated representative for the plaintiffs or the designated representative chosen by the majority of flight attendants to represent the flight attendant employee class. Absent those facts, it cannot be determined whether the plaintiffs were contracting parties to the Policy Manual or merely regulated by it. This ambiguity precludes a finding that the plaintiffs "have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act." Cal. Code Regs. tit. 8, § 11090(1)(E).

Even if it could be determined that the Policy Manual is a collective bargaining agreement entered into by the plaintiffs, the timeframe covered by the agreement is also ambiguous. The Policy Manual is dated October 1, 2013, and states that it "will remain in effect indefinitely." Ex. 2 to Am. Compl. at 2303.1, ECF No. 73-2. But this does not preclude subsequent changes or revisions—which, by the Policy Manual's own terms, "can be made at any time," *id*. Also unknown is what preceded the 2013 version of the Policy Manual. California has a three-year statute of limitations on claims for unpaid overtime. Cal. Civ. Proc. Code § 338(a); *Medrano v. D'Arrigo Bros. Co. of Cal.*, 125 F. Supp. 2d 1163, 1169–70 (N.D. Cal. 2000). Hence, the California overtime claim here could conceivable span as far back as November 9, 2012, and predate the agreement in question by almost a year.

SkyWest argues that the question of whether its Flight Attendant Policy Manual constitutes a collective bargaining agreement governed by the Railway Labor Act has already been settled and relies on *Fitz-Gerald v. SkyWest, Inc.*, 155 Cal. App. 4th 411 (2007), to preclude any other finding. Indeed, in *Fitz-Gerald*, the California Court of Appeals, on appeal from summary judgment, held that SkyWest's Policy Manual was a collective bargaining agreement negotiated by SIA on behalf of all flight attendants. 155 Cal. App. 4th at 419. But that decision was issued in September 2007, and it does not apply to any agreements formed after it, nor does it settle whether SIA subsequently remained the flight attendants' designated representative during the time period covering the overtime claim in this suit.

4

To this Court's knowledge, all other courts which have addressed whether SkyWest's employee policy manuals constitute collective bargaining agreements have held in favor of SkyWest. *See Meek v. SkyWest, Inc.*, No. 17-CV-01012-JD, 2018 WL 6439132, at *1–2 (N.D. Cal. Dec. 7, 2018) (evaluating customer service agents' Standard Practices); *Blackwell v. SkyWest Airlines, Inc.*, No. 06CV0307DMSAJB, 2008 WL 5103195, at *9 (S.D. Cal. Dec. 3, 2008) (same); *Fitz-Gerald*, 155 Cal. App. 4th at 419. But these cases were all decided on summary judgment with the benefit of adversarial factual presentation.[2] SkyWest may therefore ultimately prove its exemption argument is a winner, but the argument does not carry the day on a motion to dismiss. *See Meek v. Skywest, Inc.*, No. 17-CV-01012-JD, 2018 WL 11453574, at *1 (N.D. Cal. May 16, 2018) (declining to decide the issue on motion to dismiss).

SkyWest's motion to dismiss is therefore denied. It should be clear, however, that only minimal additional evidence should be required to address whether the Policy Manuals tendered are collective bargaining agreements. The Court does not anticipate that substantial discovery on this issue will be required or warranted.

Date: February 27, 2023

John J. Tharp, Jr.
United States District Judge

---

[2] A fourth case, *Horowitz v. SkyWest Airlines, Inc.*, also held on motion to dismiss that SkyWest's Pilot Policy Manual was a collective bargaining agreement under the Railway Labor Act. No. 21-CV-04674-MMC, 2021 WL 4079184, at *2 (N.D. Cal. Sept. 8, 2021). In making this determination via the pleadings, however, the California court did not discuss nor mention the question of whether SkyWest's Pilot Association was the pilot-plaintiff's designated representative. *Id.*