# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL TAPP, RENEE SITAVICH, SARAH HUDSON, BRANDON COLSON, BRUNO LOZANO on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No. 1:15-cv-11117 Honorable Judge John J. Tharp, Jr. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Defendants SkyWest Inc. and its wholly owned subsidiary, SkyWest Airlines, Inc. ("SkyWest"), respectfully move for summary judgment on the remaining counts in the Amended Class Action Complaint of former flight attendants Plaintiffs Cheryl Tapp, Renee Sitavich, Sarah Hudson, and Brüno Lozano. After several motions to dismiss and partial settlement, Plaintiffs' remaining claims, each arising under California law, allege (1) unpaid overtime, (2) wage-statement violations, and (3) derivative theories under the Unfair Competition Law, injunctive and declaratory relief, and for waiting-time penalties. Each of these counts fails under Rule 56(a).

On the undisputed facts, California law blocks any path forward for Plaintiffs' remaining claims. To start, Plaintiffs have no claim against SkyWest Airlines, Inc. because they have no employment relationship with that holding company. Nor can Plaintiffs maintain any claims against SkyWest, their former employer. Plaintiffs' overtime claim cannot survive because their credit-based payment was governed by a collective bargaining agreement under the terms of the Railway Labor Act, so they were exempt from the payment of overtime. *See* Cal. Code Regs. tit. 8, § 11090(1)(E). Plaintiffs' wage-statement claim fails because SkyWest not only itemizes the required payment information on Plaintiffs' wage statements, but also properly excludes an

inapplicable and misleading "hourly rate." Last, Plaintiffs' derivative theories cannot go forward since the underlying claims fail.

For these reasons and as discussed in the Memorandum contemporaneously filed with this Motion, Defendants SkyWest, Inc. and SkyWest Airlines, Inc. respectfully request that the Court grant Defendants' Motion for Summary Judgment or, In the Alternative, Summary Adjudication, and dismiss the remaining causes of action of Amended Class Action Complaint of Plaintiffs Cheryl Tapp, Renee Sitavich, Sarah Hudson, and Brüno Lozano, and close the case.

*Remainder of page intentionally left blank.*

DATED:  July 28, 2025.                              Respectfully submitted,

Michael H. Cramer (ARDC No. 6199313)
Michael D. Ray (ARDC No. 6285109)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312-558-1220
*michael.cramer@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*

Rodney A. Harrison, #44566MO
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314-802-3935
*rodney.harrison@ogletreedeakins.com*

Amanda C. Sommerfeld (SBN 185052)
(*pro hac vice*)
**JONES DAY**
555 S. Flower St., 50th FL
Los Angeles, CA 90071
Telephone: 213-243-2174
*asommerfeld@jonesday.com*

Patricia T. Stambelos (SBN 166998)
(*pro hac vice*)
**STAMBELOS LAW OFFICE**
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
Telephone: 805-578-3474
*patricia@patriciastambelos.com*

By:   /s/ *Amanda C. Sommerfeld*
        One of the Attorneys for
        Defendants
        **SKYWEST, INC.** and
        **SKYWEST AIRLINES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on July 28, 2025 the foregoing ***Defendants' Motion for Summary Judgment*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Mitchell M Breit (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
mbreit@milberg.com

Dylan S. Hughes (*pro hac vice*)
Steven Augustine Lopez *(pro hac vice)*
Eric H. Gibbs *(pro hac vice)*
**GIRARD GIBBS LLP**
601 California Street, #1400
San Francisco, CA 94108
*dsh@girardgibbs.com*
*sal@classlawgroup.com*
*ehg@classlawgroup.com*

Gregory F. Coleman
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
*gcoleman@milberg.com*
*greg@gregcolemanlaw.com*

Edward A. Wallace
Mark Richard Miller
**WALLACE MILLER**
150 N Wacker
Ste 1100
Chicago, IL 60606
eaw@wallacemiller.com
mrm@wallacemiller.com

Tyler J. Story
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Dr.
Suite 5450
Chicago, IL 60606
tjs@wbe-llp.com

***Attorneys for Plaintiffs***

        /s/ *Amanda C. Sommerfeld*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERYL TAPP, RENEE SITAVICH, SARAH HUDSON, BRANDON COLSON, BRUNO LOZANO on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No. 1:15-cv-11117<br><br>Honorable Judge John J. Tharp, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THE MOTION FOR**
**SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY**
**ADJUDICATION**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

    A.    SkyWest's Payments to California Flight Attendants ......................................... 2

    B.    Plaintiffs' Lawsuit Against SkyWest ................................................................. 3

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ....................................................................................................................... 4

I.    CALIFORNIA LAW EXEMPTS PLAINTIFFS FROM ITS OVERTIME-PAY
REQUIREMENT. ...................................................................................................... 4

    A.    At All Relevant Times, SIA Has Remained the RLA "Representative." ............. 5

    B.    At All Relevant Times, the FAPM Constituted a CBA That Covered
SkyWest Flight Attendants. .............................................................................. 7

II.    PLAINTIFFS' WAGE STATEMENT CLAIM FAILS. ............................................ 8

    A.    SkyWest's Good Faith Bars All Recovery for Sitavitch, Hudson, and
Lozano, and It Bars Tapps' Recovery for Any Wage Statements Issued
Before 2022. ..................................................................................................... 8

    B.    SkyWest Entered Binding Settlement in Another Case (*Stockbridge*),
Fully Resolving Tapp's Claim for Alleged Violations through 2023. ................ 10

    C.    At Least Since the *Stockbridge* Settlement, SkyWest's Wage Statements
Have Fully Complied with Section 226. ........................................................... 10

        1.    At all relevant times, SkyWest has properly omitted an "hourly
rate," because none applies. ................................................................. 11

        2.    At least since 2022, flight attendant wage statements have properly
listed all other information required by Section 226. ............................ 13

III.    PLAINTIFFS' REMAINING COUNTS FAIL ON MULTIPLE GROUNDS. .............. 14

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

Page

CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................4

*Angeles v. US Airways, Inc.*,
   790 Fed. App'x 878 (9th Cir. 2020) ...............................................................4

*Blackwell v. SkyWest Airlines, Inc.*,
   No. 06CV0307DMSAJB, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) ..................6

*Burlington N., Inc. v. Am. Ry. Sup'rs Ass'n*,
   503 F.2d 58 (7th Cir. 1974) .............................................................................6

*Delgado v. New Albertson's, Inc.*,
   No. SACV 08-0806 DOC, 2009 WL 10670628 (C.D. Cal. Dec. 15, 2009)............11

*Estrada v. Royalty Carpet Mills, Inc.*,
   76 Cal.App.5th 685 (2022) ..............................................................................14

*Feit v. Ward*,
   886 F.2d 848 (7th Cir. 1989) ...........................................................................14

*Fitz-Gerald v. SkyWest, Inc.*,
   155 Cal.App.4th 411 (2007) ................................................................. passim

*Goldthorpe v. Cathay Pac. Airways Ltd.*,
   No. 17-cv-03233-VC, 2018 WL 5307018 (N.D. Cal. Jan. 16, 2018)....................10

*Hangarter v. Provident Life & Acc. Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ...........................................................................14

*Herrera v. Command Sec. Corp.*,
   837 F.3d 979 (9th Cir. 2016) ...........................................................................6

*Hirst v. SkyWest, Inc.*,
   283 F.Supp. 3d 684 (N.D. Ill. 2017), *aff'd in part, rev'd in part and remanded*,
   910 F.3d 961 (7th Cir. 2018) ...........................................................................3

*Hirst v. Skywest, Inc.*,
No. 15 C 02036, 2022 WL 3999701 (N.D. Ill. Aug. 31, 2022)............................................3, 14

*Horowitz v. SkyWest Airlines, Inc.*,
No. 21-CV-04674-MMC, 2021 WL 4079184 (N.D. Cal. Sep. 8, 2021) ..................................7

*Horowitz v. SkyWest Airlines, Inc.*,
No. 21-CV-04674-MMC, 2023 WL 3605980 (N.D. Cal. May 22, 2023)................................9

*Magadia v. Wal-Mart Assocs., Inc.*,
999 F.3d 668 (9th Cir. 2021) ..........................................................................................8, 12

*Meek v. SkyWest, Inc.*,
No. 17-CV-01012-JD, 2018 WL 6439132 (N.D. Cal. Dec. 7, 2018) ....................................5

*Meza v. Pac. Bell Tel. Co.*,
295 Cal.Rptr.3d 309 (Ct. App. 2022) (unpublished) ..............................................................12

*Naranjo v. Spectrum Sec. Servs., Inc.*,
15 Cal.5th 1056 (2024) ..........................................................................................................9

*Oman v. Delta Air Lines, Inc.*,
835 F.App'x 272 (9th Cir. 2021) ............................................................................................9

*Oman v. Delta Air Lines, Inc.*,
9 Cal.5th 762 (2020) ..............................................................................................................12

*Price v. Starbucks Corp.*,
192 Cal.App.4th 1136 (2011) ..................................................................................................9

*Santos v. United Parcel Serv. Inc.*,
No. 18-cv-03177-EMC, 2021 WL 2322377 (N.D. Cal. June 7, 2021)..................................12

*Stockbridge v. SkyWest Airlines, Inc.*,
2:22-cv-04935-DMG ..............................................................................................................10

*Tapp v. SkyWest, Inc.*,
No. 15 CV 11117, 2023 WL 2241975 (N.D. Ill. Feb. 27, 2023)..................................3, 4, 5, 7

*Ward v. United Airlines, Inc.*,
2022 WL 3155047 (N.D. Cal. Aug. 7, 2022) ........................................................................10

*Ward v. United Airlines, Inc.*,
9 Cal.5th 732 (2020) ........................................................................................................10, 13

*Ward v. United Airlines, Inc.*,
    986 F.3d 1234 (9th Cir. 2021) ...........................................................................10

*Wilson v. SkyWest Airlines, Inc.*,
    No. 19-CV-01491-VC, 2021 WL 2913656 (N.D. Cal. July 12, 2021)..............................9, 13

**STATUTES**

45 U.S.C.
    § 151, Sixth ...............................................................................................6
    § 151a....................................................................................................4, 7
    § 152................................................................................................4, 5, 6
    § 181.............................................................................................4, 5, 7, 8

Cal. Code Regs. Title 8
    § 11090..........................................................................................4, 9, 10

Cal. Lab. Code
    § 200.....................................................................................................11
    §§ 201-04 .................................................................................................3
    § 203....................................................................................................14
    § 226................................................................................................ passim

Fair Labor Standards Act .............................................................................3

Railway Labor Act .....................................................................................1, 3

**OTHER AUTHORITIES**

California Wage Order 9.................................................................................4

Federal Rule of Civil Procedure 56 ................................................................4

Industrial Welfare Commission Wage Order ..................................................3

National Mediation Board, *Representation Manual* § 6.0..................................6

## INTRODUCTION

This suit challenges the pay structure and wage statements of SkyWest, Inc. and its wholly owned subsidiary, SkyWest Airlines, Inc. ("SkyWest"). Plaintiffs, all former employees of SkyWest, initially alleged more than a dozen counts. After multiple motions to dismiss and partial settlement, only three issues remain: (1) Plaintiffs' individual claims under California's overtime law, (2) their claim for alleged failure to itemize wage statements, and (3) their derivative theories for waiting time penalties and prospective relief. These claims cannot survive against SkyWest, Inc. because Plaintiffs have no relationship with it. Each claim against SkyWest also fails.

*First*, California law exempts SkyWest from its overtime requirements. A binding state regulation authorizes airlines to follow the compensation structure in any collective bargaining agreements negotiated pursuant to the Railway Labor Act. SkyWest has such an agreement, as the California Court of Appeal determined almost 20 years ago when it expressly found SkyWest exempt from paying flight attendants overtime. The facts underlying that analysis remain the same today. So, too, should the outcome.

*Second*, Plaintiffs' challenge to their wage statements is equally without merit. Until recently, courts routinely found that California's wage-statement requirement did not apply to airlines. SkyWest relied on that caselaw in good faith, which blocks Plaintiffs from any recovery. Later, when the caselaw clarified that the wage-statement law did apply to airlines, SkyWest changed its wage statements to comply. Plaintiffs disagree that the wage statements comply, alleging that SkyWest must include their "hourly rate." Not so. California law requires only the listing of any "*applicable* hourly rate." That general rule has nothing to do with this case because SkyWest does not pay flight attendants by the temporal hour. Instead, it compensates them based on credits they earn under negotiated pay formulas. Plaintiffs' theory would require SkyWest to fabricate an hourly rate where none is "applicable," which ignores the statute's plain language.

*Finally*, because they rest on claims that cannot succeed as a matter of law, Plaintiffs' derivative theories of liability must also fail. Ultimately, this case has reached the end of the runway, and this Court should dismiss the remaining claims and close the case.

## BACKGROUND

### A.    SkyWest's Payments to California Flight Attendants

For decades, SkyWest has compensated its flight attendants under a payment structure that was negotiated and agreed to by their designated representative. SUF ¶¶ 12-13, 25-30. Under the agreed-to terms of payment, SkyWest does not compensate by the 60-minute hour. Instead, it pays by the credit (or "credit hour") based on formulas common to the airline industry that are divorced from the amount of time a flight attendant works.[1] SkyWest also pays flat-dollar amounts when a flight attendant boards a flight, takes a mandatory drug test outside of their "duty" period (explained below), and completes a set of computer-based training ("CBT"). SUF ¶¶ 42-44.

These negotiated terms are (and have been) included in the Flight Attendant Policy Manual ("FAPM"), which is a collectively bargained agreement ("CBA") negotiated by and between SkyWest and the SkyWest InFlight Association ("SIA"). SUF ¶ 23. SIA is the exclusive bargaining representative for SkyWest flight attendants. Since before 1994, SIA has consistently negotiated benefits, compensation, and workplace rules. SUF ¶¶ 12-13, 28-30. Plaintiffs are all former flight attendants, who, during their employment, were always represented by SIA and subject to the working conditions and compensation established in the FAPM negotiated by SIA. SUF ¶ 29.[2]

SkyWest issues wage statements that reflect the way flight attendants are compensated. For example, SkyWest itemizes the credits a flight attendant earns and other relevant payment information, such as payments for boarding and CBT training. SUF ¶¶ 66-69. Since February 2022, SkyWest has also listed each flight attendant's total duty hours for each pay period. SUF ¶¶ 71-72.

---

[1] Credit hours are calculated under four sets of formulas. SUF ¶ 35. First, formulas for a "minimum daily guarantee" and bid guarantee set baseline credits for each duty day and working month. SUF ¶¶ 38, 40-41. Second, a minimum "duty and premium pay guarantee" formula provides one credit for every two hours of "actual duty" worked, up to 12 hours, with a "premium" rate of one credit for every hour worked in the same duty period beyond 12 hours. SUF ¶ 37. Third, a "block time" formula provides one credit for every hour of time between when an airplane leaves from its departure gate until it docks at the next arrival gate. SUF ¶ 36. Fourth, a "time away from base" formula provides one credit for every four hours that flight attendants are away from their assigned airport. SUF ¶ 39.

[2] Former Plaintiff Brandon Colson's claims were fully disposed of on a motion to dismiss. *Cf.* Dkt. No. 280 at n.1.

###### B. Plaintiffs' Lawsuit Against SkyWest

On November 9, 2015, Plaintiffs filed this putative class action, alleging multiple wage and hour claims. Plaintiffs amended and filed the operative complaint about a year later. *See* Dkt. No. 73 ("Am. Compl."). They alleged that SkyWest failed to (i) pay the minimum wages required under the Fair Labor Standards Act ("FLSA"), California state (and local) laws, and Arizona and Washington laws; (ii) pay overtime wages under the Washington Minimum Wage Act; and (iii) properly itemize flight attendants' wage statements under California law, Cal. Lab. Code § 226. *See* Am. Compl. ¶¶ 132-49, 161-71, 176-81, 190-252. Plaintiffs sought injunctive and declaratory relief; waiting time penalties, Cal. Lab. Code §§ 201-04; and restitution for alleged violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. *See* Am. Compl. ¶¶ 150-60, 172-75, 182-89.

SkyWest has filed two motions to dismiss. SkyWest's first motion eventually resulted in dismissal of Plaintiffs' FLSA claim and all claims based on Arizona law. *Hirst v. SkyWest, Inc.*, 283 F.Supp. 3d 684, 701 (N.D. Ill. 2017), *aff'd in part, rev'd in part and remanded*, 910 F.3d 961 (7th Cir. 2018) (FLSA claim); *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2022 WL 3999701, at *3-4 (N.D. Ill. Aug. 31, 2022) (Arizona law claims). In this Court's dismissal order, it found that Plaintiffs' Amended Complaint included (as an unnumbered count) a claim for overtime under California law. *Id.* at *6 n.7.

In 2022, SkyWest filed its second dismissal motion, which focused only on that California overtime claim. SkyWest argued (and Plaintiffs did not dispute) that California's applicable Industrial Welfare Commission Wage Order exempts from California's overtime laws "those employees who have entered into a [CBA] under and in accordance with the provisions of the Railway Labor Act [('RLA')]." *Tapp v. SkyWest, Inc.*, No. 15 CV 11117, 2023 WL 2241975, at *1 (N.D. Ill. Feb. 27, 2023) (citation modified). The Court denied SkyWest's motion without prejudice, to await "minimal additional evidence" before deciding SIA's role as the flight attendants' representative and the application of the FAPM throughout the litigation period. *Id.* at *4. Discovery is now closed.

3

In July 2025, the Parties entered into a partial settlement agreement, under which Plaintiffs fully dismissed five counts of their Amended Complaint and partially dismissed three others. Dkt. No. 280 at 2. Now all that remains are Plaintiffs' California overtime claim, wage-statement claim, and derivative theories under the UCL and California's waiting-time penalty law. *See id.* The wage-statement count remains as a substantive claim and as derivative of the overtime claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When the moving party has shown a lack of evidence to support the nonmoving party's case, the nonmoving party may escape summary judgment only by demonstrating the existence of some genuine issue of material fact. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must demonstrate genuine disputes involving evidence that would allow a reasonable jury to render a verdict for that party on an issue affecting the outcome of the suit. *See id.* at 248-49.

## ARGUMENT

Plaintiffs cannot press any employment-based claims against SkyWest, Inc. (a holding company) for the simple reason that they never had any employment relationship with it. SUF ¶ 6. Plaintiffs were only employed by its wholly owned subsidiary, SkyWest, against which their claims should also be dismissed.

## I. CALIFORNIA LAW EXEMPTS PLAINTIFFS FROM ITS OVERTIME-PAY REQUIREMENT.

As this Court has already noted, California Wage Order 9 "exempts from California's overtime laws 'those employees who have entered into a [CBA] under and in accordance with the provisions of the [RLA].'" *Tapp*, 2023 WL 2241975, at *1 (quoting Cal. Code Regs. tit. 8, § 11090(1)(E)); *see also Angeles v. US Airways, Inc.*, 790 Fed. App'x 878, 880 (9th Cir. 2020). By its express terms, the RLA governs "agreements covering rates of pay, rules, or working conditions" entered into by a "common carrier by air" and its employees. 45 U.S.C. §§ 151a, 181. Such agreements are formed "between representatives" of both parties. *Id.* § 152 Second.

Plaintiffs' overtime claim here is groundless. There can be no dispute that SkyWest is a "common carrier" covered by the RLA since it transports people and cargo across state lines—the definition of engaging in interstate commerce. *See* SUF ¶ 5; 45 U.S.C. § 181 (extending RLA to "every common carrier by air engaged in interstate or foreign commerce"). Moreover, as this Court has already acknowledged, the California Court of Appeal previously concluded that SIA (i) exclusively represented SkyWest's flight attendants and (ii) collectively bargained for the RLA-governed FAPM. *Tapp*, 2023 WL 2241975, at *3 (discussing *Fitz-Gerald v. SkyWest, Inc.*, 155 Cal.App.4th 411 (2007)). The only question now is whether both conditions remain true throughout the relevant timeframe in this case. *See id.* As the undisputed facts establish, they did and do. Plaintiffs' overtime claim thus fails.

### A.    At All Relevant Times, SIA Has Remained the RLA "Representative."

For the past 30 years, SIA has been—and continues to be—the designated representative of SkyWest's flight attendants, including Plaintiffs. *See* SUF ¶¶ 12-13. Under the RLA, a "representative" is "any ... organization ... designated either by a carrier ... or by its or their employees, to act for it or them." 45 U.S.C. § 152. Employee representatives are chosen by the craft or class of employee to bargain on behalf of the entire craft or class. *See Tapp*, 2023 WL 2241975, at *3. SkyWest's flight attendants exercised that right decades ago, when SIA won their majority support. SUF ¶¶ 9-10. It has represented the flight attendants ever since. SUF ¶ 13. In this capacity, SIA alone has negotiated with SkyWest regarding flight attendant wages, hours, and working conditions. SUF ¶¶ 12-13. Indeed, this arrangement has consistently held since the *Fitz-Gerald* decision confirmed that SIA was the flight attendants' chosen RLA representative. *See Meek v. SkyWest, Inc.*, No. 17-CV-01012-JD, 2018 WL 6439132, at *2 (N.D. Cal. Dec. 7, 2018) (finding similar SkyWest labor association was employees' "'representative' under the RLA," where earlier case "confirmed" as much and employees had not thereafter sought "different representation"). Because the flight attendants have never designated another organization, person, or union to represent their interests, SkyWest has always recognized SIA—and only SIA—to be the flight attendants' RLA representative. SUF ¶¶ 12-13.

Consistent with its RLA role, SIA operates independent of SkyWest. For example, SIA conducts elections for representatives and leadership without any nominations or control from SkyWest; it excludes from membership any flight attendants in salaried, full-time management positions; and it determines and publishes its own bylaws without input from SkyWest. SUF ¶ 18. And those bylaws reinforce SIA's purpose to "act on behalf of" SkyWest's flight attendants and "represent" them in negotiations with SkyWest. Coates Decl. ¶ 3, Ex. A. at 7.

Plaintiffs concede that SIA is an association that "negotiates certain aspects of their work responsibilities and benefits with management." Am. Compl. ¶ 6. Plaintiffs nonetheless question the validity of SIA by alleging that SIA is not a union. *Id*. But that is beside the point—the RLA does not require that an employee representative be "a union." Instead, as noted above, the RLA defines "representative" broadly, to include any "person or persons, labor union, organization, or corporation" designated by employees to act on their behalf. 45 U.S.C. § 151, Sixth. Since the RLA lacks any "qualifiers" that would limit its "simple definition of 'representative,'" organizations and associations like SIA can and do represent employees, even if not a "union." *Fitz-Gerald*, 155 Cal.App.4th at 419. For this reason, courts assessing SkyWest employees' labor associations have consistently rejected the theory that an RLA representative must be a union. *See, e.g.*, *id.*; *Blackwell v. SkyWest Airlines, Inc.*, No. 06CV0307DMSAJB, 2008 WL 5103195, at *7 (S.D. Cal. Dec. 3, 2008). Plaintiffs' unsupported contrary view simply cannot carry the day.

Equally unavailing is Plaintiffs' allegation that SIA has not "been certified by the National Mediation Board." Am. Compl. ¶ 7. That is yet another red herring. There are "two avenues to become a legally designated representative" under the RLA: "certification and *voluntary recognition*." *Herrera v. Command Sec. Corp.*, 837 F.3d 979, 990 n.14 (9th Cir. 2016) (citation modified ); *see also Burlington N., Inc. v. Am. Ry. Sup'rs Ass'n*, 503 F.2d 58, 63 (7th Cir. 1974) (recognizing representive could be designated either through "voluntary agreement" or "representation determination" from the Board). In fact, the National Mediation Board ("NMB") certifies a representative only "upon request" of a party that disputes a representative's status. 45 U.S.C. § 152, Ninth; *cf.* National Mediation Board, *Representation Manual* § 6.0 (explaining that

6

applicant petitioning for NMB certification could merely "withdraw[] its application" if it "desires to be recognized by the carrier"). Because SkyWest has voluntarily recognized and bargained with SIA, without any known dispute filed with the NMB, SIA has been and remains the unquestioned RLA representative of SkyWest's flight attendants. And Plaintiffs, who benefited from SIA's bargaining for years, have no factual or legal grounds for now asserting otherwise.

### B. At All Relevant Times, the FAPM Constituted a CBA That Covered SkyWest Flight Attendants.

There is no genuine dispute that the FAPM qualifies and has qualified as an RLA-governed CBA during the entire relevant period. SIA negotiated the FAPM, which falls within the RLA as a collectively bargained "agreement[] covering rates of pay, rules, or working conditions." 45 U.S.C. §§ 151a, 181. Indeed, this Court has already explained that SkyWest's FAPM "plainly covers rates of pay, rules, and working conditions of SkyWest's flight attendants," thus falling squarely within the RLA's ambit. *Tapp*, 2023 WL 2241975, at *3. So have "all other courts which have addressed whether SkyWest's employee policy manuals constitute collective bargaining agreements." *Tapp*, 2023 WL 2241975, at *3 & n.2 (collecting examples); *see also, e.g.*, *Horowitz v. SkyWest Airlines, Inc.*, No. 21-CV-04674-MMC, 2021 WL 4079184, at *2 (N.D. Cal. Sep. 8, 2021) (finding it "readily apparent" from SkyWest's "Pilot Policy Manuals that they constitute collective bargaining agreements under the RLA"). Again, the *Fitz-Gerald* court specifically concluded that the flight attendants' FAPM qualified as an RLA-governed CBA. *See* 155 Cal.App.4th at 419.

Although the FAPM has been revised countless times because of consistent bargaining between SkyWest and SIA, the FAPM has been in place since then and remains in place now. SUF ¶¶ 27-28. After SIA and SkyWest reach a tentative agreement on revisions to the FAPM, the flight attendants then vote to approve or reject key amendments (such as changes to flight attendant pay or pay scales). SUF ¶ 24. If negotiated terms are approved, they are then reduced to writing in the FAPM. SUF ¶ 24. At that point, the FAPM/CBA is executed by SkyWest and SIA. SUF ¶ 25. It applies to all SkyWest flight attendants, including Plaintiffs, and SkyWest does not negotiate with individual flight attendants regarding any subject matters covered by the FAPM. SUF ¶ 30.

Moreover, as the collectively bargained "[a]greement between SkyWest Airlines, Inc. and the SkyWest InFlight Association," the FAPM covers the flight attendants' rates of pay, rules, and working conditions. Spagnolo Decl. Ex. A at 2303.1. And it has done so at all times since *Fitz-Gerald*. SUF ¶ 29.

In short, SkyWest's FAPM remains an RLA-governed CBA that was negotiated by SIA as the flight attendants' chosen representative. *Fitz-Gerald*, 155 Cal.App.4th at 419. No law or facts can save Plaintiffs' overtime claim, which therefore must be dismissed.

## II.    PLAINTIFFS' WAGE STATEMENT CLAIM FAILS.

Because Plaintiffs' overtime claim fails, so does their derivative Section 226 wage-statement claim. Nor can the wage-statement claim survive as a substantive theory of recovery. To support their substantive claim, Plaintiffs focus on allegedly unlawful omissions of an "hourly rate" and total working hours from their wage statements. Am. Compl. ¶¶ 177-78. But, like every other airline, SkyWest had good-faith reasons—based on express regulation and ample caselaw— to believe that California's wage-statement requirements did not apply to it for the majority of the time period at issue in this case. When the law changed to impose wage-statement obligations on SkyWest, the airline updated its wage statements to comply. By the time the law was clarified (in early 2022), Plaintiffs (other than Tapp) had already ended their employment with SkyWest and so cannot recover anything. And Tapp, whose claim is cabined by SkyWest's good faith, fully released any Section 226 claim accruing from January 2021 to September 2023, as part of a binding class settlement with SkyWest. Because her wage statements have indisputably complied with California law at least since the release period, Tapp's claim likewise fails.

### A.    SkyWest's Good Faith Bars All Recovery for Sitavitch, Hudson, and Lozano, and It Bars Tapps' Recovery for Any Wage Statements Issued Before 2022.

Right out of the gate, Plaintiffs' wage-statement claim collides with a wall of authority that blocks statutory penalties for wage statements issued before January 2022. While Plaintiffs seek damages and penalties under Section 226(e), Am. Compl. ¶ 181, that provision requires them to prove an injury suffered "as a result of a *knowing and intentional* failure by an employer to comply with the statute," *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 680 (9th Cir. 2021) (quoting

*Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1142 (2011)). *See* Cal. Lab. Code. § 226(e); *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal.5th 1056, 1087 (2024). "An employer that believes reasonably and in good faith, albeit mistakenly, that it has complied with wage statement requirements does not fail to comply with those requirements ***knowingly and intentionally***." *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal.5th 1056, 1087 (2024) (emphasis added). If an employer can "dispute[] its liability reasonably and in good faith," it simply "cannot be held liable for penalties under section 226." *Id.* Here, Plaintiffs fall far short of establishing any intentional violation of the law—indeed, SkyWest had multiple, good-faith reasons to dispute the applicability of Section 226 at least until January 2022.

Like every airline, SkyWest "is entitled to a good faith defense for the wage statement violations which occurred on or before January 10, 2022" because the prior caselaw supported a belief that the dormant Commerce Clause preempted Section 226. *Oman v. Delta Air Lines, Inc.*, 610 F.Supp.3d 1257, 1277 (N.D. Cal. 2022). Courts have explicitly endorsed that view of preemption. *See, e.g.*, *Horowitz v. SkyWest Airlines, Inc.*, No. 21-CV-04674-MMC, 2023 WL 3605980, at *5 (N.D. Cal. May 22, 2023) (collecting examples). While the Ninth Circuit eventually rejected that preemption argument in *Oman v. Delta Air Lines, Inc.*, it did so only in 2021. *See* 835 F.App'x 272, 273 (9th Cir. 2021). And the challenge to that decision, a petition for a writ of certiorari, was not rejected until January 2022. *See Oman*, 610 F.Supp.3d at 1277. So, at least up to that point, the "unsettled legal issue" precludes recovery. *Naranjo*, 15 Cal.5th at 1088. SkyWest had a good-faith defense "that it was not violating California law." *Wilson v. SkyWest Airlines, Inc.*, No. 19-CV-01491-VC, 2021 WL 2913656, at *3 (N.D. Cal. July 12, 2021); *see Horowitz*, 2023 WL 3605980, at *5; *Oman*, 610 F.Supp.3d at 1277.

Though the preemption caselaw on its own cuts off Plaintiffs' recovery, an express California regulation also confirms SkyWest's (former) approach to omitting total hours from flight attendant wage statements. In the past, that regulation permitted airline employers not to record or list the "[t]otal hours worked in the payroll period and applicable rates of pay" for employees who are covered by an RLA-governed CBA. Cal. Code Regs. tit. 8, § 11090(7)(A)(5);

*see id.* § 11090(1)(E) (exempting CBA-covered employees); *Goldthorpe v. Cathay Pac. Airways Ltd.*, No. 17-cv-03233-VC, 2018 WL 5307018, at \*2 (N.D. Cal. Jan. 16, 2018) (dismissing wage statement claim based on exemption). But the California Supreme Court, on certified questions from the Ninth Circuit, rejected the regulation's exemption from Section 226. *See Ward v. United Airlines, Inc.*, 9 Cal.5th 732, 748 (2020). In February 2021, the Ninth Circuit published an opinion in *Ward* consistent with that new approach. *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1244 (9th Cir. 2021). Only then were airline employers "on sufficient notice that Section 226 applied." *Ward v. United Airlines, Inc.*, 2022 WL 3155047, at \*7 (N.D. Cal. Aug. 7, 2022). That means that SkyWest's defense bars any recovery from Plaintiffs Hudson, Lozano, and Sitavich—whose employment ended *before* California's law was clarified. SUF ¶¶ 1-4. Nor can Plaintiff Tapp pursue Section 226 penalties for wage statements issued before the *Oman* denial of certiorari (2022), much less for statements that predated *Ward* (2021).

**B.  SkyWest Entered Binding Settlement in Another Case (*Stockbridge*), Fully Resolving Tapp's Claim for Alleged Violations through 2023.**

Plaintiffs' effort to base a claim on later wage statements issued after the 2022 denial of certiorari in *Oman* fares no better. Tapp's individual claim is further barred by a settlement in *Stockbridge v. SkyWest Airlines, Inc.* There, Judge Dolly Gee granted final approval of a class settlement releasing Section 226 claims of SkyWest's California flight attendants, covering all claims that accrued from January 24, 2021 to September 15, 2023. *See Stockbridge*, 2:22-cv-04935-DMG, Am. Order Approving Class Action Settlement, Dkt. 44 at 10-11; Joint Stipulation of Settlement, Dkt. 33-1 at 23 (release of claims); *see also* SUF ¶ 70. Tapp did not opt out of the settlement and received payment to settle her Section 226 claim. SUF ¶ 70. Having fully resolved that claim, Tapp cannot now challenge any wage statements issued between January 24, 2021 and September 15, 2023.

**C.  At Least Since the *Stockbridge* Settlement, SkyWest's Wage Statements Have Fully Complied with Section 226.**

Nor can Tapp press a Section 226 claim for wage statements issued after the *Stockbridge* settlement release period. Contrary to Plaintiffs' assertions, Am. Compl. ¶¶ 177-78, SkyWest is

and has never been required to include an "hourly rate" on its wage statements because it does not pay flight attendants by the hour. Moreover, the airline's wage statements properly itemize all other information required by Section 226(a).

### 1. At all relevant times, SkyWest has properly omitted an "hourly rate," because none applies.

Tapp's "hourly rate" theory fails under clear law and undisputed fact. On the law, an employer must list such rates *only if* it pays by the hour. On the undisputed facts, SkyWest pays by the credit—not by the hour.

The legal debate begins—and should end—with the plain text of Section 226(a)(9), which requires employers to list only "***applicable*** hourly rates" that are actually "*in effect* during the pay period." Cal. Lab. Code § 226(a)(9) (emphases added). This language accords with Section 200 and frees up employers to pay wages that are "fixed or ascertained by the standard of time, task, piece, commission basis, or *other method of calculation*." Cal. Lab. Code § 200(a) (emphasis added). Section 226(a) merely requires employers to communicate the relevant payment information to employees, including any "applicable hourly rates … in effect." Cal. Lab. Code § 226(a)(9). It does not require any "hourly rate" to be listed for employees that are paid by "commission" or "task," or based on some "other method of calculation." Cal. Lab. Code § 200(a).

This statutory language defeats Tapp's theory. There is no "applicable hourly rate[]" here because SkyWest does not calculate its flight attendants' pay based on an hourly rate. In fact, SkyWest does not even pay flight attendants by the hour; rather, it determines compensation based on "[an]other method of calculation." Cal. Lab. Code § 200(a). Specifically, SkyWest pays them according to a negotiated credit-based system, which determines pay based on formulas developed through the collective-bargaining process. *Supra* at 2 & n.1. While these formulas sometimes take into account both time and tasks performed, the overall driver of compensation is not a 60-minute interval of time—and pay is not computed by multiplying hours worked by a particular rate of pay. *Cf. Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC, 2009 WL 10670628, at *5 (C.D. Cal. Dec. 15, 2009) (While Section 226(a) does not define "hourly," "normal usage" makes plain

that an "hourly rate" is one that is "computed in terms of an hour," i.e., "paid on an hourly basis"). Since there is no "applicable hourly rate" that is ever "in effect" for flight attendants, the law does not require SkyWest to list any hourly rate for them. Cal. Lab. Code. § 226(a).

Tapp's contrary reading would do violence to the statute, as well as its purpose. Tapp would transform the requirement to list an "*applicable*" rate into an obligation for SkyWest to manufacture and then itemize a *fictitious* rate. While that interpretation tramples the statutory text, it also undermines the purpose of the wage-statement requirement. Wage statements must itemize "the basis of the employee compensation payments to assist the employee in determining whether he or she has been compensated properly." *Oman v. Delta Air Lines, Inc.*, 9 Cal.5th 762, 775 (2020). But requiring SkyWest to list an hourly rate when **none applies** "would only serve to confuse employees," "not promote transparency." *Santos v. United Parcel Serv. Inc.*, No. 18-cv-03177-EMC, 2021 WL 2322377, at *6 (N.D. Cal. June 7, 2021).

If that were not enough, Tapp's interpretation also conflicts with persuasive caselaw. Several courts have recognized that an employer need not list an "hourly rate" on an employee's pay stub if the employee is not paid based on an hourly rate during the pay period. For example, the Ninth Circuit recently held that Section 226(a)(9) did not require an employer to list an "hourly rate" for employees who were paid an "overtime adjustment" because the method for calculating the payment was not based on the number of hours worked. *Magadia*, 999 F.3d at 680-81. Rather, listing an "hourly rate" for the pay in question would require reverse-engineering "a fictional hourly rate calculated *after* the pay period closed in order to comply with the Labor Code." *Id.* at 681 (citation modified). Such an "artificial" calculation did not constitute an "hourly rate in effect during the pay period" because it was not actually used to determine pay, and was thus not "'operative' or 'in force'" during "the pay period in the wage statement." *Id.* Other courts have likewise recognized that if an employee is not paid based on an hourly rate during a pay period, Section 226(a)(9) does not require any hourly rate to be listed. *Id.* (citing similar cases); *Meza v. Pac. Bell Tel. Co.*, 295 Cal.Rptr.3d 309, 316-17 (Ct. App. 2022) (unpublished); *Santos*, 2021 WL 2322377, at *6-7.

12

At bottom, Tapp cannot transform the limited duty to itemize an "***applicable*** hourly rate" into an absurd obligation for SkyWest to invent and list an ***inapplicable*** rate.

### 2. At least since 2022, flight attendant wage statements have properly listed all other information required by Section 226.

Nor can Tapp point to a single legitimate flaw with SkyWest's wage statements. Section 226(a) is clear: employers must list (i) gross and net wages, (ii) "total hours worked," (iii) the number of piece-rate units earned and the applicable piece rate, (iv) all deductions, (v) dates of the pay period, (vi) an employee's name and last four digits of her social security number, and (vii) the employer's name and address. Cal. Lab. Code § 226(a)(1)-(8). Every wage statement SkyWest issued to Tapp after the *Stockbridge* settlement indisputably included all this information—down to the last detail, including piece rate payments for boarding passengers and CBT training. SUF ¶¶ 51-69, 71-72.[3]

Tapp's only remaining allegation is that SkyWest failed to list her total hours. *See* Am. Compl. ¶ 178. But that claim also falls flat. Since February 2022—just one month after the Ninth Circuit confirmed that Section 226 is not preempted by the dormant Commerce Clause—SkyWest has included total "duty hours" on every wage statement. SUF ¶¶ 71-72. Under the CBA, "duty time" starts the moment a flight attendant reports for duty and ends when she is released (or 15 minutes after the last flight of the day). SUF ¶ 73. In other words, duty time constitutes the outer limit of time worked by flight attendants. SUF ¶¶ 77-78.

SkyWest's wage statements go even further. SkyWest has always listed each flight attendant's credit rate and credit hours. SUF ¶¶ 68-69. Since flight attendants are paid by the credit, this "is the metric more closely tied to their compensation than total hours worked." *Wilson*, 2021 WL 2913656, at *3. These details enable flight attendants to determine if they have been fully compensated, *id.*, which fulfills Section 226(a)'s "core purpose," *see Ward*, 9 Cal.5th at 752. Tapp cannot show otherwise. Her Section 226 claim is baseless and must be dismissed.

---

[3] Indeed, other than listing "total hours worked," SkyWest has consistently itemized all required details on each wage statement for all California flight attendants. SUF ¶¶ 51-54.

**III. PLAINTIFFS' REMAINING COUNTS FAIL ON MULTIPLE GROUNDS.**

Last, Plaintiffs cannot establish their theories for prospective relief, waiting-time penalties, or restitution for a violation of the UCL.

***First***, these theories cannot survive because they are derivative of the substantive claims that must be jettisoned. *See Hirst*, 2022 WL 3999701, at *6 n.8 & *9 (recognizing claims are derivative). The Parties resolved some underlying claims through settlement here, and the law denies Plaintiffs any path forward on the remaining substantive claims. *Supra* Parts I-II. Accordingly, Plaintiffs' derivative counts must be dismissed along with their substantive counterparts. *E.g.*, *Fitz-Gerald*, 155 Cal.App.4th at 422.

***Second***, even if not rejected as failed derivative counts, Plaintiffs' request for injunctive and declaratory relief goes nowhere because Plaintiffs, as former employees, lack standing for such relief. *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989) (former employee cannot obtain injunctive or declaratory relief); *see also, e.g.*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (same for injunctive relief under UCL).

***Finally***, Plaintiffs cannot demonstrate that SkyWest "willfully fail[ed] to pay" their overtime wages, as is necessary for waiting-time penalties. Cal. Lab. Code § 203(a). Such penalties cannot be awarded where an employer has a "good faith" dispute "based in law or fact which, if successful, would preclude any recovery." *Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal.App.5th 685, 729 (2022) (citation omitted). That is clearly the case here. *Supra* Part I.

## CONCLUSION

For the reasons above, this Court should grant SkyWest's Motion and close the case.

DATED:    July 28, 2025                                      Respectfully submitted,

Michael H. Cramer (ARDC No.
6199313)
Michael D. Ray (ARDC No. 6285109)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312-558-1220
*michael.cramer@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*

Rodney A. Harrison, #44566MO
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314-802-3935
*rodney.harrison@ogletreedeakins.com*

Amanda C. Sommerfeld (SBN 185052)
(*pro hac vice*)
**JONES DAY**
555 S. Flower St., 50th FL
Los Angeles, CA 90071
Telephone: 213-243-2174
*asommerfeld@jonesday.com*

Patricia T. Stambelos (SBN 166998)
(*pro hac vice*)
**STAMBELOS LAW OFFICE**
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
Telephone: 805-578-3474
*patricia@patriciastambelos.com*

By:    /s/ *Amanda C. Sommerfeld*
          One of the Attorneys for
          Defendants
          **SKYWEST, INC.** and
          **SKYWEST AIRLINES, INC.**

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on July 28, 2025 the foregoing ***Defendants' Memorandum In Support Of Motion for Summary Judgment*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Mitchell M Breit (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
mbreit@milberg.com

Dylan S. Hughes *(pro hac vice)*
Steven Augustine Lopez *(pro hac vice)*
Eric H. Gibbs *(pro hac vice)*
**GIRARD GIBBS LLP**
601 California Street, #1400
San Francisco, CA 94108
*dsh@girardgibbs.com*
*sal@classlawgroup.com*
*ehg@classlawgroup.com*

Gregory F. Coleman
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
*gcoleman@milberg.com*
*greg@gregcolemanlaw.com*

Edward A. Wallace
Mark Richard Miller
**WALLACE MILLER**
150 N Wacker
Ste 1100
Chicago, IL 60606
eaw@wallacemiller.com
mrm@wallacemiller.com

Tyler J. Story
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Dr.
Suite 5450
Chicago, IL 60606
tjs@wbe-llp.com

***Attorneys for Plaintiffs***

_____/s/ *Amanda C. Sommerfeld*_____